IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN J. KEEPER,

    Plaintiff,

v.                               Civil Action No. 5:05CV59
                                         (STAMP)
CARL LEE GALLAGHER, SR.
and PROGRESSIVE CASUALTY
INSURANCE COMPANY,
an Ohio corporation
licensed to conduct
business in West Virginia,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**
**FOR LACK OF REQUISITE AMOUNT IN CONTROVERSY**

I. Background

This is a personal injury and bad faith insurance action arising out of an automobile accident. Plaintiff, Brian J. Keeper ("Keeper"), filed a complaint in the Circuit Court of Hancock County, West Virginia against defendants, Carl Lee Gallagher, Sr. and Progressive Casualty Insurance Company ("Progressive"). On April 25, 2005, the defendants filed a notice of removal pursuant to 28 U.S.C. § 1332(a).[1] Defendants then filed a motion to dismiss to which the plaintiff filed a response and the defendants filed a reply. On May 13, 2005, the plaintiff filed a motion to remand and request for attorney's fees, to which the defendants filed a

---

[1] Defendants do not contend that the plaintiff's complaint presents a federal question under 28 U.S.C. § 1331.

response and the plaintiff filed a reply. Finally, on May 11, 2005, plaintiff filed a motion to amend his complaint.

For the reasons set forth below, this Court finds that the plaintiff's motion for remand must be granted. Accordingly, the defendants' motion to dismiss must be denied as moot and plaintiff's motion to amend must be denied without prejudice.

## II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See id.

Accordingly, the burden of establishing that the plaintiff's damages exceed the jurisdictional amount of $75,000.00 lies with the defendants. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). This Court has consistently applied the "preponderance of evidence" standard to determine whether defendants have met their burden of proving

the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendants to produce <u>evidence</u> that establishes that the actual amount in controversy exceeds $75,000.00. See id.

Although courts strictly construe removal jurisdiction, see Mulcahey, 29 F.3d 151, the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When considering the amount in controversy requirement of § 1332(a), ethical considerations are also relevant. In Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the court noted that an attorney's duty of candor imposed by Rule 11 of the state's rules of civil procedure should prevent the plaintiff's attorneys from using deceptive practices to avoid federal court jurisdiction. Consequently, unless provided with a reason, a court should not assume that a plaintiff's attorney has represented falsely, or did not appreciate, the value of his or her client's case. See id.

Finally, it is a long-standing principle that amount in controversy is determined at the time the complaint was filed.

See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, if a post-removal event destroys the basis for removal jurisdiction available when the complaint was filed, a motion to remand should be denied. See Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998); St. Paul Mercury, 303 U.S. at 292.

## IV. Discussion

In his motion to remand, the plaintiff does not deny that diversity exists, but argues that the defendants must show that the jurisdictional amount has been satisfied by a preponderance of evidence, and that the defendants have failed to meet this burden. Keeper also argues that defendants cannot prove amount in controversy by pointing to plaintiff's request for punitive damages because such damages must bear a reasonable relationship to compensatory damages. In response, the defendants argue that the amount in controversy is met because the plaintiff's complaint demands punitive damages. The defendants argue that plaintiff must not be allowed to manipulate the amount in controversy.

This Court finds that the defendants have not met their burden of proof with regard to the amount in controversy. The defendants' removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See Varela v. Wal-

Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. at 932, 938 (S.D. W. Va. 1996). Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00. Furthermore, the defendants offer no evidence that the plaintiff has engaged in improper practices in order to avoid federal jurisdiction.

Accordingly, the plaintiff's motion to remand must be granted at this time. Nothing prevents the defendants from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[2]

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED, defendants' motion to dismiss is DENIED without prejudice as moot and plaintiff's motion to amend complaint is DENIED without prejudice. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Hancock County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

---

[2] It should be noted that plaintiff's motion to amend currently before this Court does not affect the amount in controversy. In addition, this Court recognizes that defendants may not remove this action on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Hancock County, West Virginia.

DATED:    September 7, 2005

                                            /s/ Frederick P. Stamp, Jr.
                                            FREDERICK P. STAMP, JR.
                                            UNITED STATES DISTRICT JUDGE